THE PRESIDENT OF THE POLICE JURY OF VERMILLION *v.* S. COMEAU, Administrator.

A tax collector who has given bond and received the assessment roll is *prima facie* liable for the amount of taxes due according to the tax roll, and when sued, he cannot throw upon the plaintiff the burden of proving that he actually collected the taxes.

APPEAL from the District Court of Vermillion, *Voorhies*, J.
*Crow & Girard*, for plaintiff and appellant. *Mouton*, for defendant.

BUCHANAN, J. This is a suit against the representative of the Collector of

parish taxes, of Vermillion parish, for the years 1846 and 1847. The suit was dismissed; the Judge not considering it proved that the assessment roll for 1846, was put into the hands of the Collector. We have not been able to take the same view of the evidence as the District Judge has done. There is no formal receipt of the Collector for the parish assessment roll, it is true; but there are several circumstances which concur to show that he must have had it, and must have made collections of taxes of 1846, which he could scarcely have done without the tax roll. We have, first, the acknowledgment of the Collector, in the bond signed by him, of the exact amount of the taxes for 1846, and of those for 1847, taken from the tax rolls for those years in the Parish Recorder's Office; next, the evidence of *Theall*, the Recorder, that he is under the impression he delivered the tax rolls to the Collector; next, the evidence of *O'Bryan*, that he made out for the Collector a list of the taxes for 1846 and 1847, from the tax rolls given to him by the Collector; next, many receipts of the Parish Treasurer, for amounts received by him from the Collector, exceeding in the aggregate, by two hundred and sixteen dollars, the total amount of the taxes of 1847, as shown by the bond; which excess must have come from taxes collected for 1846, the receipts also expressing (several of them) that they were for taxes of 1846, collected; lastly, a detailed statement of taxable persons insolvent, or gone away, with the several amounts assessed to them respectively, for State taxes of 1846, which must have been taken from the assessment roll of that year.

The rule governing the liability of a Tax Collector is laid down by the Supreme Court, in the case of *Scarborough* v. *Stevens et al.*, 3d Rob. Rep. Having given bond and received the tax roll, he must show that he has used due diligence; and cannot throw the burden upon the parish, of proving that he actually received the money.

The total amount of parish taxes of 1846, according to *Bernard's* bond, was,   -   -   -   -   -   -   -   -   $ 1,727 73
Upon which, he is entitled to credit, after allowing all the tax of 1847 by receipts in evidence,   -   -   -   -   216 04

               $1,511 69
It is also admitted that the list of tax payers, insolvent or gone away, given in evidence, is correct. The amount of taxes thus lost to the State, according to that list, for 1846, was, $107 23 and as the parish tax for that year was 75 per cent. of the State tax, defendant is entitled to a further deduction on this account, of   80 43

               $1,431 26
The judgment of the District Court, is, therefore, reversed; and judgment is hereby rendered in favor of plaintiff against defendant, in her capacity as administratrix, and to be paid in due course of administration, for the sum of fourteen hundred and thirty-one dollars and twenty-six cents, with legal interest from judicial demand (25th July, 1854) and the costs in both Courts; this judgment to bear a legal mortgage on all the lands, slaves and real estate of *Joseph Ursin Bernard*.